STATE OF TEXAS v. J. P. HART, DISTRICT CLERK.

No. 1156. Decided December 18, 1902.

**Fees—Clerk of Court—Penalties Collected by Civil Action.**

    Article 1143 of the Code of Criminal Procedure, entitling the clerk of the court to 5 per cent of all fines, etc., collected by the State on judgments, does not apply to civil actions on behalf of the State to recover penalties; the clerk was not entitled to retain such per cent on penalties collected in a suit by the State for violation of the Acts of 1895 and 1899 against trusts. (Pp. 103-105.)

Question certified from the Court of Civil Appeals for the Third District, in an appeal from Travis County.

*C. K. Bell*, Attorney-General, for appellant.—There is no law of the State of Texas allowing any commission to the clerk of the district court on penalties imposed for violations of the anti-trust laws of the State. State v. Norrell, 53 Texas, 430; State v. Moore, 57 Texas, 309.

*Frank Andrews* and *Hart & Townes*, for appellee.—The anti-trust statutes of the State of Texas, under which the moneys in dispute were

recovered by the State, are strictly penal in nature, and the moneys so recovered are "fines" and "forfeitures," although the form of proceeding for the enforcement of such statute and collection of said moneys is civil. Anti-trust statute, Law 1899, p. 246; State v. Waters Pierce Oil Co., 67 S. W. Rep., 1057; Huntington v. Attrill, 146 U. S., 666.

A suit brought in behalf of the State on a defaulting tax collector's bond, such as the two cases cited by appellant, is in no sense a penal proceeding; but is a suit for the enforcement of a contractual obligation merely, and the sum recovered therein is not a fine nor a forfeiture, but a debt created by contract. State v. Norrell, 53 Texas, 427; State v. Moore, 57 Texas, 307; State v. Schuneman, 46 S. W. Rep., 260; Nolan v. Tennison, 50 S. W. Rep., 1028; Mason v. Adoue, 70 S. W. Rep., 347; Penal Code, arts. 976, 988a.

Article 1143 of the Code of Criminal Procedure having been enacted subsequent to the adoption of the Constitution, the terms therein used are presumed to have been used in the same sense as that already given them in the Constitution, and these terms so understood clearly evidence an intent on the part of the Legislature to allow the clerk of the court his 5 per cent commission on penal judgments, i. e., on "fines and forfeitures," though such judgments should be recovered in suits civil in form. Const. of Texas, art. 5; Rev. Stats. 1895, art. 257; Code Crim. Proc., art. 1143; State v. Oil Co., 67 S. W. Rep., 1057.

The plain and obvious meaning of the terms "fines" and "forfeitures," used in article 1143 of the Code of Criminal Procedure, is a sum collected in behalf of the State as a penalty for a violation of law, and there is neither reason, necessity, nor precedent for giving thereto another and a distorted meaning. United States v. Chouteau, 102 U. S., 603; Anderson's Law Dic., titles, "Fine," "Forfeiture," and "Penalty;" Bouvier's Law Dic., titles, "Fine," "Forfeiture," and "Penalty."

GAINES, CHIEF JUSTICE.—This case has come to us upon a certified question. The certificate is as follows:

"The State of Texas on June 10, 1901, in cause No. 17,104, brought suit in the District Court of Travis County against the Texas Brewing Company, a private corporation, to recover penalties for the violation of the Acts of 1895 and 1899, known as the anti-trust laws; and upon trial of said cause on November 21, 1901, judgment was rendered in favor of the State for $500.

"The State of Texas also, on various dates from said June 10, 1901, up to June 12, 1901, brought suit against other corporations and against the firm of Teagarden & Shumate, to recover penalties under said laws; and on divers days up to and including November 30, 1901, recovered judgments in said suits against said Texas Brewing Company and said other defendants, amounting in the aggregate to $10,100.

"Said defendants, immediately upon the rendition of said judgments, respectively, paid to J. P. Hart, the district clerk of Travis County, the full amounts of said judgments, and said J. P. Hart immediately paid

to the attorneys of the State of Texas all of said amounts so collected, except 5 per cent thereof, amounting to $505, and this 5 per cent said Hart refused to pay to the attorneys for the State.

"Whereupon the State of Texas brought this suit in the District Court of Travis County to recover of said Hart the said sum of $505, retained by him out of said collections.

"The District Court rendered judgment for the defendant, J. P. Hart, from which judgment the State of Texas has appealed.

"The appellee contends that, as district clerk, he is entitled to retain the said sum of 5 per cent of said judgments under article 1143 of the Code of Criminal Procedure.

"The State contends that, although said penalties may be fines or forfeitures, yet because they were collected in a civil proceeding, the clerk is not entitled to the commissions provided by the Code of Criminal Procedure. The State relies mainly upon the authority of State v. Norrell, 53 Texas, 430, and State v. Moore, 57 Texas, 309.

"On the above statement and findings of fact, the Court of Civil Appeals for the Third Supreme Judicial District of Texas certifies to the Supreme Court of Texas, the following question:

"Is appellee entitled to 5 per cent of said judgments?"

The provision under which the appellee asserts his right to retain the money in controversy is article 1143 of the Code of Criminal Procedure. That article reads as follows: "The district or county attorney shall be entitled to 10 per cent on all fines, forfeitures, or moneys collected for the State or county, upon judgments recovered by him, and the clerk of the court in which such judgments are rendered shall be entitled to 5 per cent of the amount of said judgments, to be paid out of the amount when collected." That the language of the provision is broad enough to include the collection in question, we see no good reason to doubt—provided the recoveries were in suits brought by the district or county attorney, as it is to be presumed they were. The "moneys" were "collected for the State upon judgments recovered." But behind the construction of the words of the article is the further inquiry: Does the article apply to judgments recovered in civil actions for money prosecuted in behalf of the State. It was decided in the case of State v. Norrell, 53 Texas, 457, that it did not apply to every case of that character. But that controversy arose over a recovery upon a tax collector's bond.

There are several provisions in our statutes which prescribe the fees which shall be allowed clerks of the district court. One is article 2423 of the Revised Civil Statutes; others are articles 1086, 1093, 1123, and 1143 of the Code of Criminal Procedure. The Revised Civil Statutes prescribe civil rights and regulate the remedies and procedure in civil suits. The Code of Criminal Procedure provides the practice in criminal actions,—that is to say, such as are triable on the criminal side of the docket, and appealable, if appealable at all, to the Court of Criminal Appeals. For an illustration let us take the case of those jurisdictions where separate criminal courts are established. There, as to suits which

are prosecuted in the criminal district courts, the provisions of the Code of Criminal Procedure apply; as to those prosecuted in district courts having civil jurisdiction only, the Revised Civil Statutes apply and the fees of the district clerks are regulated by article 2423. This is certainly the general rule. But the argument on behalf of the appellee resolves itself into the proposition that article 2423 is modified and added to by article 1143 of the Code of Criminal Procedure. We can not concur in the proposition. The title of the statute which enacted our Penal Code and Code of Criminal Procedure is as follows:

"An act to adopt and establish a 'Penal Code' and a 'Code of Criminal Procedure' for the State of Texas."

The second section of the act:

"Be it further enacted, that the following articles shall hereafter constitute the Code of Criminal Procedure of the State of Texas, to wit:"

Then follows the Code containing articles from 1 to 1146 inclusive. We are not prepared to say that, under our Constitution, it was permissible to incorporate, under the title above set forth, a provision allowing fees in a civil action. But conceding for the sake of argument that this might have been done, we are clearly of the opinion that it was not the purpose of the Legislature to do so in this instance. We think that in enacting the Code of Criminal Procedure and regulating the fees of officers thereunder the lawmakers had in mind only such actions as were regulated by that Code, namely, those over which the criminal courts had jurisdiction and which should be prosecuted in such courts.

The question is practically decided in State v. Norrell, above cited. It is true that the suit in which the money was recovered in that case was not one for a forfeiture, and in no sense was it a penal action or a criminal case. But the collections from which the clerk claimed the right to retain 5 per cent were "moneys collected for the State," and therefore fell within the broad terms of article 1143, provided that article was intended to embrace civil suits. The court held that it was not so intended and gave judgment for the State. In concluding the opinion the court says: "We are further strengthened in this construction from the fact that by the provisions of the Revised Civil Statutes the fees of clerks in civil cases are otherwise fully provided for; and it will not be presumed, unless the language and context would bear no other reasonable construction, where the existing law has made adequate provision for the particular case, that the new law passed upon a different feature of the case was intended to be cumulative and give double fees for the same service."

For the reason that in our opinion article 1143 of the Code of Criminal Procedure does not apply to civil actions in behalf of the State to recover penalties, we answer the question in the negative.