

# The Attorney General of Texas

July 9, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Charles D. Travis
Executive Director
Texas Parks and Wildlife Department
4200 Smith School Road
Austin, Texas 78744

Opinion No. MW-492

Re: Disposition of fines collected pursuant to sections 26.212 and 26.213 of the Texas Water Code

Dear Mr. Travis:

On behalf of the Texas Parks and Wildlife Commission you ask about the proper disposition of fine monies collected pursuant to section 26, subchapter F of the Texas Water Code when the arresting officer is a game warden.

Section 26, subchapter F of the Water Code deals with the criminal prosecution of violators under the Water Quality Control Act. The policy of the act and its purpose are stated in section 26.003. Among other things, the policy and purpose are:

> to maintain the quality of water in the state consistent with the public health and enjoyment [and] <u>the propagation and protection of terrestrial and aquatic life</u>....  (Emphasis added).

Section 12.107 of the Texas Parks and Wildlife Code reads:

> (a) A justice of the peace, clerk of any court, or any other officer of the state who receives a <u>fine</u> imposed by a court for a violation of <u>any law relating to</u> the protection and conservation of wild birds, wild fowl, wild animals, fish, oysters, and other wildlife shall send the fine to the department within 10 days after the date of collection. A statement containing the docket number of the case, the name of the person fined, and the section of the law violated must accompany the remission of the fine.

> (b) The amount of the fine to be remitted to the department is 80 percent in county court cases and 85 percent in justice court cases.

(c) The fees set out in Articles [1007 and 1008, Code of Criminal Procedure] shall be deducted from fines imposed for violations of laws relating to wild game, birds, fish, oysters, and other wildlife. (Emphasis added).

In our opinion, sections 26.212 and 26.213 of the Texas Water Code are laws "relating to" the protection and conservation of wildlife within the meaning of section 12.107 of the Parks and Wildlife Code. They provide, respectively, that no person may cause or permit waste discharges that cause water pollution except as expressly permitted, and that each violation is punishable by a fine of from ten dollars to one thousand dollars. For purposes of the subchapter, authorized agents and employees of the Parks and Wildlife Department are made peace officers empowered to enforce subchapter provisions. Water Code §26.215.

It follows that fines collected from violators under section 26, subchapter F of the Water Code, except as hereafter noted, are to be disposed of as directed by section 12.107 of the Parks and Wildlife Code, regardless of whom the arresting officer may be. Cf. Attorney General Opinion O-5679 (1943) (interpreting former statute later amended). See former article 912, V.A.P.C. (1925). Articles 1007 and 1008 of the Code of Criminal Procedure referred to in section 12.107 of the Parks and Wildlife Code entitle the district or county attorney to ten percent of the amount collected, the clerk of the court to five percent, and the collecting officer (except a justice of the peace or his clerk) five percent. See Attorney General Opinion V-1022 (1950). Cf. Attorney General Opinions H-1124 (1978); O-5679 (1943).

The exception concerns fines collected from corporate defendants. Section 26.223 of the Water Code provides:

If a private corporation is found guilty of a violation of this subchapter and a fine imposed, the fine shall be entered and docketed by the clerk of the court as a judgment against the corporation, and the fine shall be of the same force and effect and be enforced against the corporation in the same manner as if the judgment were recovered in a civil action.

Cf. American Plant Food Corporation v. State, 587 S.W.2d 679 (Tex. Crim. App. 1979).

Civil penalties under the Water Quality Control Act, as opposed to fines, are controlled by section 26, subchapter D of the Water Code rather than section 26, subchapter F. Section 26.126 regulates their disposition. It reads:

(a) All civil penalties recovered in suits instituted by the State of Texas under this chapter through the department of the Parks and Wildlife Department shall be paid to the General Revenue Fund of the State of Texas.

(b) All civil penalties recovered in suits instituted by a local government or governments under this chapter shall be equally divided between the State of Texas and the local government or governments first instituting the suit, with 50 percent of the recovery to be paid to the General Revenue Fund of the State of Texas and the other 50 percent paid equally to the local government or governments first instituting the suit.

Thus, section 12.107 of the Parks and Wildlife Code will not govern the disposition of fines collected from corporate defendants under section 26, subchapter F of the Water Code, and articles 1007 and 1008 of the Code of Criminal Procedure will have no application thereto, because such collections are to be considered civil penalties rather than criminal fines. See State v. Hart, 70 S.W. 947 (Tex. 1902); Attorney General Opinion M-560 (1970). Again, the identity of the arresting officer is not critical because it is not the affiliation of the arresting officer that determines the disposition of civil penalties collected, rather it is the identity of the governmental body instituting suit that is important. Cf. Attorney General Opinion O-5679 (1943). See generally 12 Tex. Jur. III Conservation and Pollution Laws §111 et seq., at 437.

## S U M M A R Y

The disposition of fine monies collected pursuant to section 26, subchapter F of the Texas Water Code is controlled by section 12.107 of the Parks and Wildlife Code, except fines collected from corporate defendants, which are to be disposed of in accordance with Water Code section 26.126 as though they were civil penalties recovered under section 26, subchapter D thereof. Whether the arresting officer is a game warden makes no difference.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
Bruce Youngblood